IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STEVEN NEFF, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| | ) Jury Trial Demanded |
| SCHLEE & STILLMAN, LLC and, | ) |
| LVNV FUNDING, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## NATURE OF ACTION

1. Plaintiff Steven Neff ("Plaintiff") brings this action against Defendants Schlee & Stillman, LLC and LVNV Funding, LLC ("Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

1

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

6. "[C]ollection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)).

7. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *see also Kistner*, 518 F.3d at 441 ("the 'more than one reasonable interpretation' standard is applicable to the entirety of § 1692e as a useful tool in analyzing the 'least-sophisticated-consumer' test").

8. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

9. Therefore, a debt collector is liable for engaging in conduct that could mislead the least sophisticated consumer even if the debt collector did not intend to mislead, and even if the plaintiff is not actually misled.

10. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written "validation" notice which provides information regarding the debt and informs the consumer of his or her right to dispute the

validity of the debt, or any portion thereof, within 30 days of receipt of the notice, and to request in writing the name and address of the original creditor, if different from the current creditor. *See* 15 U.S.C. § 1692g(a).

11. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).

12. That is, "the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *West v. Check Alert Sys., Inc.*, No. 1:00-CV-860, 2001 WL 1699196, at *4 (W.D. Mich. Sept. 7, 2001) (quoting *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997).

## PARTIES

13. Plaintiff is a natural person.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. Defendant Schlee & Stillman, LLC ("S&S") is an entity who at all relevant times transacts business in the State of Michigan, and was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

16. Defendant S&S is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Defendant LVNV Funding, LLC ("LVNV") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business

of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. Defendant LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

20. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Credit One Bank credit card (the "Debt").

21. S&S uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

23. LVNV acquired the Debt after it was allegedly in default.

24. LVNV retained S&S to collect Plaintiff's Debt on its behalf.

25. In connection with the collection of the Debt, S&S, itself and on behalf of LVNV, sent Plaintiff a letter dated September 25, 2015.

26. A true and accurate copy of the September 25, 2015 letter to Plaintiff is attached to this complaint as Exhibit A.

27. S&S's September 25, 2015 letter was S&S's initial communication with Plaintiff with respect to the Debt.

28. S&S's September 25, 2015 letter purported to contain the notices required in an initial communication by 15 U.S.C § 1692g(a).

29. S&S's September 25, 2015 letter does not meaningfully convey the identity of the creditor, as it states only: "Re: LVNV Funding, LLC Assignee Of CREDIT ONE BANK, N.A."

30. A least sophisticated consumer would be left to guess or make assumptions that what follows "Re:" is the identity of the current creditor.

31. In addition, a least sophisticated consumer may reasonably interpret that statement in two different ways, one of which is inaccurate.

32. Specifically, the consumer may think that Credit One Bank, N.A. is the creditor of the debt, or the consumer may just as reasonably think that LVNV Funding, LLC is the creditor.

33. An assignee may receive all or only some rights from an assignor, and merely stating that one is an assignee does not unambiguously disclose that the assignee is the current creditor.

34. Because S&S's September 25, 2015 letter was subject to more than one reasonable interpretation, at least one of which is inaccurate, it is misleading as a matter of law.

35. S&S's September 25, 2015 letter therefore failed to meaningfully convey the name of the creditor to whom the debt is owed.

36. S&S's September 25, 2015 letter also failed to meaningfully convey the notice required by 15 U.S.C. § 1692g(a)(5).

37. Specifically, S&S's September 25, 2015 letter states: "Upon written request within thirty (30) days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the creditor named above."

38. However, a least sophisticated consumer would be confused as to who exactly the creditor "named above" is, and whether the original creditor is different.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

39. Plaintiff repeats and re-alleges each and every factual allegation above.

40. Defendant S&S violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey the name of the creditor to whom the alleged debt is owed.

41. Defendant LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of S&S—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692g(a)(5)

42. Plaintiff repeats and re-alleges each and every factual allegation above.

43. Defendant S&S violated 15 U.S.C. § 1692g(a)(5) by failing to meaningfully convey the statement required in an initial communication by 15 U.S.C. § 1692g(a)(5).

44. Defendant LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of S&S—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(a)(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(b)

45. Plaintiff repeats and re-alleges each and every factual allegation above.

46. Defendant S&S violated 15 U.S.C. § 1692g(b) by making statements in the initial communication with Plaintiff that would cause confusion as to the consumer's right under 15 U.S.C. § 1692g(a)(5).

47. Defendant LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of S&S—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692g(b);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e

48. Plaintiff repeats and re-alleges each and every factual allegation contained above.

49. Defendant S&S violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt.

50. Defendant LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of S&S—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendants violated 15 U.S.C. § 1692e;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

  e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

  f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

51. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: February 16, 2016

        <u>s/Joseph Panvini</u>
        Joseph Panvini
        Thompson Consumer Law Group, PLLC
        5235 E. Southern Ave., D106-618
        Mesa, AZ 85206
        Telephone: (602) 388-8875
        Facsimile: (866) 317-2674
        jpanvini@consumerlawinfo.com
        Attorney for Plaintiff