UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steven Neff,

        Plaintiff,

v.

Schlee & Stillman, LLC and
LVNV Funding, LLC,

        Defendants.

_____/

Case No. 16-cv-10555

Judith E. Levy
United States District Judge

Mag. Judge Mona K. Majzoub

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION [5]**

This case is before the Court on defendants' motion to dismiss. (Dkt. 5.)[1] On July 21, 2016, oral argument was heard and the Court took the matter under advisement. For the reasons set forth below, defendants' motion is GRANTED in part and DENIED in part.

---

[1] Defendants styled their motion as one for "Summary Judgment Pursuant to FRCP 12(b)(6)," not signaling the difference between a motion to *dismiss* brought under Rule 12(b)(6), in which the complaint is asserted to lack a claim upon which relief can be granted, and a motion for *summary judgment* brought pursuant to Rule 56, in which it is asserted that the undisputed facts do not support a claim for relief. Defendants clarified at oral argument that this is a motion to dismiss under Rule 12(b)(6).

I. **Background**

Plaintiff Steven Neff brings this action against defendants Schlee & Stillman, LLC and LVNV Funding, LLC, asserting violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Dkt. 1.) Plaintiff alleges that he has a debt obligation related to a Credit One Bank credit card, and that LVNV acquired this debt after it was in default. (*Id.* at 4.) He further alleges that LVNV retained Schlee & Stillman to collect the debt. (*Id.*) On September 25, 2015, defendant Schlee and Stillman sent a letter (the "Letter") on its letterhead to plaintiff that reads in its entirety:

> Re: LVNV Funding LLC Assignee Of CREDIT ONE BANK, N.A.
> STEVEN NEFF
> Account No. XXXXXXXXXXXX-4289
> Amount: $965.77
>
> Dear STEVEN NEFF:
> This matter has been referred to this office.
>
> We will assume this debt to be valid unless you dispute the validity of all or any part of it within thirty (30) days after receipt of this letter. If you notify us in writing that you dispute all or a portion of the debt, we will obtain and send to you verification of the debt or a copy of a judgment against you. Upon written request within thirty (30) days after receipt of this notice we will provide you with the name and address of the original creditor, if different from the creditor named above. This letter is an attempt by a debt collector to

collect a debt, and any information obtained will be used for that purpose.

In the event that you do not dispute the validity of the amount owing, please submit your payment or contact this office to arrange for a reasonable repayment plan.

Very truly yours,
SCHLEE & STILLMAN, LLC

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

(Dkt. 1-1 (emphasis in original).)

Plaintiff alleges that the Letter violates the FDCPA by (1) failing to comply with the requirement imposed by 15 U.S.C. § 1692g(a)(2) to meaningfully convey the name of a creditor in an initial communication from a debt collector, (2) failing to comply with requirements imposed by 15 U.S.C. § 1692g(a)(5) to meaningfully convey a specific notice of a debtor's right, (3) by making statements in this initial communication that would cause confusion to the debtor regarding his rights, prohibited by 15 U.S.C. § 1692g(b), and (4) using false, deceptive, or misleading representations prohibited by 15 U.S.C. § 1692e. (*Id.* at 6-

9.) Plaintiff seeks statutory damages, actual damages, and reasonable attorney's fees and costs as allowed by the FDCPA. (*Id.*)

## II. Standard of Review

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. Defendants' Motion

Defendants assert that the language contained in the Letter is not ambiguous, confusing or otherwise noncompliant with the requirements of the FDCPA. They argue that plaintiff cannot show that the Letter contained "allegedly-false statements that would have deceived or misled the 'least sophisticated debtor,'" so as to prevail on his section

4

1692e and section 1692g(a) claims. (Dkt. 5 at 8 (citing *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014).) Defendants further argue that even if there were false or misleading statements, plaintiff cannot show that these alleged misstatements were material. (*Id.* at 11 (citing *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-97 (6th Cir. 2009).) Finally, they assert that this particular case should be decided as a question of law, by the Court. (*Id.* at 11-12.)

Plaintiff responds that debt collectors must "unambiguously and effectively convey the notices required by section 1692g(a)," and that the Letter failed in this regard by not plainly identifying the name of the creditor or effectively conveying the debtor's right to request the name and address of the original creditor. (Dkt. 9 at 1-2.) Plaintiff further argues that the violation of 15 U.S.C. § 1692g(b), which prohibits initial collections communications for "overshadowing" a debtor's rights, flows from the Letter's failure to identify the creditor and effectively convey the right to request information about the original creditor. (*Id.* at 10-11.) Similarly, the violation of section 1692e arises because the alleged failure to plainly identify the creditor "is confusing and misleading to the least sophisticated consumer." (*Id.* at 11- 16.) Plaintiff contends

5

that the term "LVNV Funding, LLC, Assignee Of Credit One Bank, N.A." used in the subject line of the Letter does not make the relationship between LVNV Funding and Credit One Bank clear to the least sophisticated consumer. (*Id.* at 12-13.) Plaintiff next argues that even if the consumer knew what "assignee of" meant, such a relationship might not mean that the interest transferred through the assignment was the ownership interest in the debt. (*Id.* at 13.) With respect to section 1692e, plaintiff argues that this language is deceptive because it is susceptible of being interpreted inaccurately, and it is material because it could mislead a consumer regarding the exercise of his rights. (*Id.* at 15.)

## IV. Analysis

The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Miller*, 561 F.3d at 591 (quoting 15 U.S.C. § 1692(e)). Congress had identified "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices" and crafted the FDCPA as an "extraordinarily broad" response. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332-33 (6th Cir. 2008) (quoting 15 U.S.C. § 1692(a)).

The objective standard of a "least sophisticated consumer" is used to determine whether particular conduct violates the FDCPA. *Id.* at 333 (citing *Harvey v. Great Seneca Fin. Corp.*, 452 F.3d, 329 (6th Cir. 2006)). The FDCPA "protects 'all consumers,' the 'shrewd' as well as the 'gullible,' . . . from practices that would mislead the 'reasonable unsophisticated consumer,' one with some level of understanding and one willing to read the document with some care." *Buchanan v. Northland Grp., Inc.* 776 F.3d 393, 396 (6th Cir. 2015) (quoting *Fed. Home Mortg. Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007); *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012)). The "least sophisticated consumer" is a lower standard "than simply examining whether particular language would deceive or mislead a reasonable debtor." *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) (quoting *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988)). That said, courts in the Sixth Circuit "will not 'countenance lawsuits based on frivolous misinterpretations or

7

nonsensical assertions of being led astray'" by otherwise reasonably comprehensible documents. *Lamar*, 503 F.3d at 514 (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 434 F. Supp. 2d 133, 138 (E.D.N.Y. 2006)).

Generally, in the Sixth Circuit the question of whether a collection communication letter is misleading is left to the jury. *Buchanan*, 776 F.3d at 397 (citing *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008)). *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 395 (4th Cir. 2014) (describing circuit split on whether this determination is a question of fact or law). At the pleading stage, courts "do not lightly reject fact-based claims," but may rule on this question "only after drawing all reasonable inferences from the allegations in the complaint in the plaintiff's favor and only after concluding that, even then, the complaint still fails to allege a plausible theory of relief." *Id.* (citing Fed. R. Civ. P. 12(b)(6); *Iqbal*, 556 U.S. at 677–79). "A claim may be implausible on its face because even an unsophisticated consumer would not be confused, making discovery pointless and jury resolution unnecessary." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)

8

(citing *Evoryv. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 776-77 (7th Cir. 2007)).

### A. The Claims under 15 U.S.C. § 1692g(a)

Section 1692g addresses validation of debts, and requires collectors to include in their initial communication with a debtor, or within five days of their initial contact, the following information relevant to this case:

> (2) the name of the creditor to whom the debt is owed
>
> * * *
>
> and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). To satisfy the notice requirements of § 1692g(a), "[a] debt collector must "effectively convey" the notice to the debtor." *Smith*, 167 F.3d at 1054 (quoting *Swanson*, 869 F.2d at 1225). "A collector need not parrot the Act to comply with it. A statement works if it speaks with enough clarity to convey the required information to a reasonable but unsophisticated consumer." *Wallace v. Diversified*

9

*Consultants, Inc.*, 745 F.3d 1235 (Mem) (6th Cir. 2014). Courts are to apply the least-sophisticated-consumer standard to this inquiry in a way that "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Miller*, 561 F.3d at 592 (quoting *Kistner*, 518 F.3d at 438-39).

Defendants' letter to plaintiff did not "effectively convey" the name of the creditor to whom the debt is owed. The use of "assignee of" in the phrase, "LVNV Funding LLC Assignee Of CREDIT ONE BANK, N.A.," while familiar to those of us with legal training, is not common parlance.[2] It is not reasonable to expect a "least sophisticated consumer" to understand what meaning this phrase conveys regarding the entities LVNV Funding and Credit One Bank. Common sense dictates that without more, this phrase, by itself does not meet the standard defined under Sixth Circuit caselaw to "effectively convey" the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2). For this reason, and this reason alone, defendant has failed to

---

[2] Neither the undersigned nor my law clerks would have known what this term meant prior to attending law school. The two law student interns working in chambers this summer also confirmed that the word "assignee" had been foreign to them prior to law school. And the third intern, an advanced undergraduate student interested in attending law school, attended oral argument in this matter and later confessed to having no idea what the term meant.

demonstrate that the alleged violations of section 1692g(a)(2) should be dismissed under Rule 12(b)(6).

Plaintiff further argues that the precise meaning of "assignment" cannot be parsed from the letter sent, and that the language does not clarify what exactly has been assigned between the two parties—the right to collect the debt or the property interest in the debt. (Dkt. 9 at 13-14.) But this line of argument fails because it is precisely the type of "frivolous misinterpretation[]" and "nonsensical assertion[]" that is not to be tolerated. *Lamar*, 503 F.3d at 514. All that section 1692g(a)(2) requires of the collector is to effectively convey the name of the creditor to whom the debt is owed. And the term "assignee of" does not accomplish the task under the least-sophisticated-consumer standard.

Plaintiff's second count cannot survive defendant's motion to dismiss. Plaintiff alleges that the letter failed to include the statement of the debtor's right to request in writing the name and address of the original creditor, if different from the current creditor. (Dkt. 1 at 6-7.) But to parrot the applicable caselaw, there is no need to "parrot the Act to comply with it." *Wallace*, 745 F.3d at 1235. The letter only needs "enough clarity to convey the required information to a reasonable but

unsophisticated consumer." *Id.* Here, the letter is plainly identified as an attempt to collect a debt and plainly identifies the amount of the debt. The statutory requirement is to inform the consumer of his right, and the language does so: "[u]pon written request within thirty (30) days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the creditor named above." A reasonable but unsophisticated consumer would understand this statement to mean that he can write in to learn the name and address of the original debtor. Just because the relationship defined by "assignee of" is not clear to such a consumer, it does not follow that he would be left equally adrift regarding his right to request clarification. Nor has plaintiff alleged that this language confused him regarding his right to obtain this information. Considering the pleadings in the light most favorable to plaintiff, it is not plausible that this letter violated 15 U.S.C. § 1692g(a)(5). Therefore, defendants' motion is granted with regard to section 1692g(a)(5).

### B. The Claim under 15 U.S.C. § 1692g(b)

Section 1692g(b) requires that debt-collection activities and communications "may not overshadow or be inconsistent with the

12

disclosure of the consumer's right to . . . request the name and address of the original creditor." 15 U.S.C. § 1692g(b). Plaintiff alleges that the violation of section 1692g(a)(5), discussed in section IV.A *supra*, also violates section 1692g(b) by causing "confusion as to the consumer's right under 15 U.S.C. § 1692g(a)(5)" to request the name and address of the original creditor. (Dkt. 1 at 7.) However, the complaint does not plausibly plead a violation of section 1692g(5) in the first instance. The letter adequately conveys the right to request information, and nothing else in the letter can be plausibly read to overshadow or contradict this right. Accordingly, defendants' motion is granted on this count.

### C. The Claim under 15 U.S.C. § 1692e

Finally, plaintiff alleges in his complaint that the letter violated the provision of section 1692e prohibiting debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Courts are to allow "some leeway for the use of legal terms of art and other language that might be difficult for the least-sophisticated consumer to understand," in the evaluation of whether language violates section 1692e. *Miller*, 561 F.3d at 594-95. Rather, the

13

document is to be read as a whole to determine if it misleads, deceives, or suggests falsehoods. *Id.* In *Miller*, the term "charge card" used in lieu of the more accurate term, "credit card" was not found to be misleading, because reading the document in its entirety led the Court to conclude that it would not mislead or deceive the least-sophisticated consumer regarding the debt being collected. *Id.* at 595. The Court reasoned that "a lawyer 'closely parsing [the complaint] like a municipal bond offering' may detect some ambiguity or confusion . . . [b]ut the least-sophisticated-consumer standard is not so exacting." *Id.* (quoting *Jacobson*, 434 F. Supp. 2d at 138).

Here, as explained above, the term "assignee of" is legal jargon that is not sufficient under section 1692g(a)(2) to plainly convey the identity of the current creditor to a "least sophisticated consumer," but the letter, read in its entirety, creates no meaningful potential for a violation of section 1692e. There are no misrepresentations, obfuscations, or other deceptive elements, and the plaintiff has not alleged that the letter left him unable to comprehend any of his rights under the Act. *See, e.g.*, *Wallace*, 745 F.3d at 1235; *Miller*, 561 F.3d at 596; *Barany-Snyder*, 539 F.3d at 332-33; *Lamar*, 503 F.3d at 514.

14

## V. Conclusion

For the reasons provided above, defendant's motion is GRANTED in part and DENIED in part. Plaintiff's claims under sections 1692g(a)(5), 1692g(a)(b), and 1692e of the FDCPA are DISMISSED with prejudice. Plaintiff's claim under section 1992g(a)(2) may proceed.

IT IS SO ORDERED.

Dated: August 12, 2016         s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 12, 2016.

       s/Kelly Winslow for
       FELICIA M. MOSES
       Case Manager