UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steven Neff,

      Plaintiff,   Case No. 16-cv-10555

v.           Judith E. Levy
           United States District Judge
Schlee & Stillman, LLC, and
LVNV Funding, LLC,    Mag. Judge Mona K. Majzoub

      Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [24]**

Before the Court is plaintiff Steven Neff's motion for judgment on the pleadings. (Dkt. 24.) Plaintiff seeks judgment on the sole remaining count against defendants Schlee & Stillman, LLC, and LVNV Funding, LLC.

For the reasons set forth below, plaintiff's motion is granted.

**I. Background**

Plaintiff Steven Neff is an individual alleging he has a debt obligation arising from his Credit One Bank credit card, which was used "primarily for personal, family, or household purposes." (Dkt. 1 at 4.)

He alleges defendant LVNV Funding, LLC acquired the debt after plaintiff defaulted on his obligations to pay off the debt, and LVNV Funding, LLC then hired defendant Schlee & Stillman, LLC to collect the debt. (*Id.* at 4.)

On September 25, 2015, Schlee & Stillman, LLC sent plaintiff a letter, informing plaintiff the letter was "an attempt by a debt collector to collect a debt." (Dkt. 1-1 at 2.) The letter was titled "Re: LVNV Funding LLC Assignee of Credit One Bank, N.A." (*Id.*)

After receiving this letter, plaintiff filed a complaint against defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). (Dkt. 1.) Defendants filed a motion to dismiss all counts. (Dkt. 5.)

On August 12, 2016, the Court granted in part and denied in part defendants' motion to dismiss. (Dkt. 12.) Plaintiff was permitted to proceed with Count One, which alleged defendants violated 15 U.S.C. § 1692g(a)(2) of the FDCPA by failing to effectively provide the name of the creditor to whom the debt was owed in the September 25, 2015 letter. (*Id.*) On October 21, 2016, plaintiff filed this motion for judgment on the pleadings. (Dkt. 24.)

## II. Legal Standard

"The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

## III. Analysis

Plaintiff argues he is entitled to judgment on the pleadings because there is no dispute that the name of the creditor, Credit One Bank, was not effectively provided in the letter received from defendants, and because the Court already decided the issue in its order granting in part and denying in part defendants' motion to dismiss. (Dkt. 24 at 3–5.) Defendants argue that whether the creditor was adequately identified is a question of fact for the jury to decide, and that plaintiff has not proven—and defendant denies—that plaintiff qualifies

3

as a consumer, that the debt arose out of a consumer transaction, and that defendant LVNV Funding, LLC was a debt collector as defined by the FDCPA. (Dkt. 26 at 1–2.)

As an initial matter, defendants argue that they do "not admit" plaintiff is a consumer, that the debt arose from a consumer transaction, or that LVNV Funding, LLC is a debt collector. (Dkt. 26 at 2.) The argument is based on their answer to the complaint. For each of these three arguments, defendants wrote in the answer, "Neither admit nor denied, leave Plaintiff to its proofs." (Dkt. 15 at 2.)

But such a statement is "considered insufficient as a denial under Fed. R. Civ. P. 8(b), and would instead be deemed an admission." *Redd v. Vails*, Case No. 14-cv-14340, 2015 WL 1511029, at *4 n.2 (E.D. Mich. Mar. 25, 2015) (citing *United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428*, 680 F. Supp. 2d 816, 828 (E.D. Mich. 2010)); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1279 (3d ed.) (same). Thus, defendants have insufficiently denied or disputed the three allegations set forth above, and they are deemed admitted. Accordingly, the only issue for the Court to decide is whether the letter sent to plaintiff adequately identified the name of

the creditor to whom the debt was owed in accordance with 15 U.S.C. § 1692g(a)(2).

15 U.S.C. § 1692g(a)(2) requires that an initial communication to a debtor effectively convey "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). "Courts use the 'least sophisticated consumer' standard, an objective test, when assessing whether particular conduct violates the FDCPA." *Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008). This standard "is lower than simply examining whether particular language would deceive or mislead a reasonable debtor" because the "basic purpose . . . is to ensure that the FDCPA protects all consumer, the gullible as well as the shrewd." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007). At the same time, the standard "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 510 (internal citation omitted).

And "it is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to

the least sophisticated debtor." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 n.2 (6th Cir. 2007) (internal quotations omitted). Thus, this Court may, as a matter of law, determine whether the notice sent to plaintiff would convey the name of the creditor to the least sophisticated consumer.

As an initial matter, plaintiff overstates his case by arguing that the Court already decided that the reference to Credit One Bank as an "assignee" of LVNV Funding, LLC violated 15 U.S.C. § 1692g(a)(2). The Court's prior determination was made in the context of defendants' motion to dismiss, which required the Court to take plaintiff's allegations as true. Thus, the Court's prior order determined only that plaintiff sufficiently pleaded a violation of 15 U.S.C. § 1692g(a)(2).

But, as a matter of law, this Court finds that the single reference to Credit One Bank as an "assignee" does not effectively convey the "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The term "assignee" is "a legal term that would not necessarily help the least sophisticated consumer understand the relationships between the parties listed." *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 613 (6th Cir. 2009). Further, there is no other

6

reference to Credit One in the letter sent to plaintiff, and the letter fails to specify what the debt is or what it is for, listing only the amount owed. Without more context, the least sophisticated consumer could not be expected to understand that Credit One Bank is "the name of the creditor to whom the debt is owed." Accordingly, plaintiff is entitled to judgment on the pleadings.

## IV. Conclusion

For the reasons set forth above, plaintiff's motion for judgment on the pleadings (Dkt. 24) is GRANTED.

IT IS SO ORDERED.

Dated: March 21, 2017  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2017.

 s/Felicia M. Moses
 FELICIA M. MOSES
 Case Manager